UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11797

BING DU and HELEN GE,
Plaintiffs,

v.

SUNOL MOLECULAR CORPORATION,
Defendant.

OPINION AND ORDER
July 7, 2010

O'TOOLE, D.J.

The plaintiffs, Bing Du and Helen Ge, proceeding pro se, have brought suit against Du's former employer, Sunol Molecular Corporation, based generally on an arbitration proceeding and a series of lawsuits initiated by Sunol after Du resigned from his position in 2003. The plaintiffs appear to assert claims of post-employment retaliation pursuant to Title VII, violations of due process and equal protection, violation of Massachusetts General Laws chapter 149, § 185, intentional infliction of emotional distress, and malicious prosecution. The defendant moves to dismiss for failure to state a claim, or in the alternative, for a more definite statement. The plaintiffs oppose.

First, Count I alleges a violation of Title VII for post-employment retaliation. The plaintiffs do not aver that they engaged in protected conduct under the statute, see Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009), and as such, the claim must fail.

Count II purports to bring a claim under § 1983 for violations of the Fifth and Fourteenth Amendments. The claim fails as there are no allegations that the defendant, a Delaware corporation, is a state actor. See Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir.

1986) (noting that a showing of interference with a constitutionally-protected right by someone acting under color of state law is a prerequisite to a § 1983 action). Although there are circumstances in which a private actor may be considered a state actor for the purposes of section 1983, see Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999), the plaintiffs have failed to show how the defendant's conduct at issue may be fairly attributable to the state.

Count III alleges a violation of the Massachusetts Whistleblower Statute, Mass. Gen. Laws ch. 149, § 185. The defendant correctly argues that the plaintiffs do not allege a violation of employment practices as the statute prohibits only public employers from retaliating against employees for engaging in protected activities. See id.

Count V alleges a violation of intentional infliction of emotional distress. The plaintiffs' allegation that the defendant repeatedly filed baseless lawsuits in several jurisdictions in order to retaliate against Du and that the plaintiffs suffered significant emotional distress, as well as other physical and economic harm, as a result is sufficient to state a claim. See Agis v. Howard Johnson Co., 355 N.E.2d 315, 319 (Mass. 1976).

It is unclear from the plaintiffs' pleadings whether they also seek in Count V to state a claim for malicious prosecution or for abuse of process, but they have presented sufficient facts for both torts. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (noting that a liberal interpretation of pro se pleadings permits the court to intuit the correct cause of action if adequate facts are pled). The plaintiffs allege that "process" was used, including instituting several lawsuits, for the improper and ulterior purpose of retaliating against him for reporting problems with one of Sunol's clinical trials to the Food and Drug Administration, and consequently, they suffered reputational harm and endured physical and emotional distress. They also aver that that the defendant filed the lawsuits without probable cause, as they had agreed on

an amended employment agreement allowing Du to keep the money that later became the subject of the lawsuits, and that two proceedings terminated in their favor. Consequently, the plaintiffs have stated a claim for abuse of process, see Jones v. Brockton Pub. Mkts., Inc., 340 N.E.2d 484, 485 (Mass. 1975), and malicious prosecution, see Beecy v. Pucciarelli, 441 N.E.2d 1035, 1038 (Mass. 1982).

For the foregoing reasons, the defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, Or in the Alternative, Motion for More Definite Statement (dkt. no. 13) is GRANTED in PART and DENIED in PART. The case will proceed as to Count V.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge