UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11797-GAO

BING DU and HELLEN GE,
Plaintiffs,

v.

SUNOL MOLECULAR CORP.,
Defendant.

ORDER
September 13, 2012

O'TOOLE, D.J.

The plaintiffs, husband and wife, filed this action against Sunol Molecular Corp. ("Sunol") asserting a number of claims. On the defendant's prior motion, this Court dismissed all claims except those asserting malicious prosecution, abuse of process, and intentional infliction of emotional distress, which could reasonably be found to be alleged in Count V of the complaint. See Opinion and Order (July 7, 2010) (dkt. no. 17). The defendant has moved for what it terms partial summary judgment (dkt. no. 51), relying on the doctrine of issue preclusion. For the reasons set forth herein, the Court agrees with the defendant that the plaintiffs are estopped from relitigating issues already resolved against them in other forums. That being so, it is clear that the plaintiffs cannot prevail on any of the existing claims, and the defendant is entitled to full, not partial, judgment on those claims.

**I.     Background**

Litigation between these parties spans nearly ten years and involves suits in both Florida and Massachusetts. The genesis of those controversies was in Du's employment with Sunol Molecular Corporation.

The facts established as undisputed or indisputable by the record are these: Du entered into an employment agreement with Sunol which required him to relocate from Massachusetts to Florida. In connection with the move, Sunol paid Du a specified amount for relocation assistance. The employment agreement provided that if Du terminated his employment within one year, Du would return to Sunol the relocation assistance amount along with certain bonuses. The agreement also contained a clause requiring disputes to be settled by arbitration. Du resigned within a year, but did not return his relocation assistance or bonuses.

On September 26, 2003, the defendant initiated arbitration through the American Arbitration Association ("AAA") to recoup the relocation benefits and bonuses paid to Du. (Complaint ex. 2 at 4 (dkt. no. 1).) Du failed to appear in the arbitration proceedings, and on March 2, 2004, AAA issued a default award of $19,484.05 to the defendant. Du later claimed that he had not received notice of the arbitration proceedings.

In September 2004, Sunol sued in Woburn District Court to enforce the AAA award against Du. Again, Du failed to respond, and Sunol was granted a default judgment. In April 2005, Sunol sued in Woburn District Court to collect the amount awarded by the default judgment from Complaint 200453CV846. Sunol also included a count against Ge, as Du's wife, and Du's company, alleging a fraudulent conveyance of Du's property. However, in April 2008, the Woburn District Court dismissed both of these lawsuits for lack of subject matter jurisdiction, because the award had never been confirmed by a Florida Court. (Def.'s Memo in Support of Motion for Partial Summary Judgment, ex. 1 at 23 (dkt. no. 52).)

In October 2006, allegedly upon learning for the first time that Sunol had attempted to collect the amount of the relocation assistance and bonuses, Du sued in the Eleventh Judicial Circuit of Florida to vacate the AAA award. An evidentiary hearing was held in February 2008.

The judge rejected Du's contention that he had not received notice of the AAA proceedings. She specifically concluded that "[t]he testimony that no mail was received is not credible, as there was no evidence of returned U.S. mail and multiple notations of notice of certified mail." (Def.'s Memo in Support of its Motion for Partial Summary Judgment ex. 1 at 10-11 (dkt. no. 52).) Accordingly, the judge denied Du's request to vacate the award with prejudice. In October 2008, Sunol sued in the same Florida court to confirm the AAA award, and on October 14, 2008, the court granted the request, finding that Du owed Sunol $29,050.40, an amount which had increased due to costs and interest. (Id. at 13.) On Du's subsequent appeal, the judgment confirming the award was affirmed (Id. at 16.)

Back in Massachusetts, Sunol sued in Middlesex Superior Court to collect the $29,050.40 awarded, now confirmed by the Florida courts in July 2009. On December 5, 2011, the court granted summary judgment in Sunol's favor enforcing the award, a judgment currently on appeal by Du to the Massachusetts Appeals Court. (Id. at 21.)

As the basis for their claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress, the plaintiffs argue that Sunol "initiated multiple civil actions against me … with malicious intent." (Compl. at 6.) Furthermore, the plaintiffs claim the defendant has "shown a clear pattern of recklessly violating my right of Due Process with no notice to me of two court actions that Sunol had instituted in both states, as well as the arbitration in Florida." (Id. at 4.) The plaintiffs go on to state that "Sunol had and has been intentionally inflicting of emotional and physical distress to me and my wife that sustained the personal injury to me and my wife for 5 years." (Id. at 6).

**II.**     **Discussion**

    A.     Issue Preclusion

The doctrine of issue preclusion bars relitigation of issues that were actually litigated and decided in prior litigation. In re Sonus Networks, Inc, Shareholder Derivative Litigation, 499 F.3d 47, 56 (1st Cir. 2007) (citing Kobrin v. Bd. of Registration in Med., 444 Mass. 837, (Mass. 2005)). In order for an issue to be precluded, there must be "(1) a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Kobrin, 832 N.E. 2d at 634. Furthermore, the issue must have been essential to the prior judgment. Id. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27.

The proceedings in Florida dealt directly with the propriety of the arbitration award and the question of whether or not Du had received notice of the proceedings. A hearing was held on the matter and the judge found that Du's testimony that he did not receive notice was "not credible," that the notices were mailed to the proper address, and that there were multiple notices of certified mail and no returned mail. (Def.'s Memo in Support of Motion for Partial Summary Judgment ex. 1 at 11.) The judge then confirmed the arbitration award, a decision affirmed on appeal. This decision is "on the merits" for the purpose of issue preclusion. See Martin, 514 N.E. 2d at 664. Du's claims that the arbitration was fraudulent and conducted without notice were actually litigated. In sum, the plaintiffs are precluded from relitigating the validity of the arbitration award.

B.   Malicious Prosecution

To prove malicious prosecution, the plaintiff must show "the defendant instituted a prior civil or criminal proceeding without probable cause and with improper purpose, and that the prior proceeding terminated in favor of the plaintiff (who was the defendant in the prior proceeding)." Billings v. Commerce Ins. Co., 936 N.E. 2d 408, 412 (Mass. 2008). Improper motive is defined as acting "primarily for a purpose other than that of properly adjudicating" the claim or seeking "vexation, harassment, or annoyance" of the other party. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 571 N.E. 2d 1363, 1370 (Mass. 1991), Beecy v. Pucciarelli, 441 N.E. 2d 1035, 1039 n.9 (Mass. 1982).

Here, the prior litigation did not terminate in the present plaintiffs' favor. Moreover, given the outcomes of the prior litigation, Sunol cannot be found to have acted with an improper motive; its claim for return of the relocation assistance and bonuses was validated by the judgments. The plaintiffs are unable to prove essential elements of the tort of malicious prosecution.

C.   Abuse of Process

To establish abuse of process, plaintiff must show that process was used against them for an "ulterior or illegitimate purpose" and harm resulted. Vittands v. Sudduth, 730 N.E. 2d 325 (2000). The process must be used to "accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." Psy-Ed Corp. v. Klein, 947 N.E. 2d 520, 534 (Mass. 2011).

Again, the prior litigation precludes this claim. Sunol asserted a claim which was sustained as valid. No conclusion of ulterior or illegitimate purpose is possible of this factual record.

D.  Intentional Infliction of Emotional Distress

The standard for proving a claim of intentional infliction of emotional distress is high in Massachusetts. Conners v. Billerica Police Dept., 679 F. Supp. 2d 218, 228 (D. Mass. 2010). It requires acts that are "extreme and outrageous" and intended to "shock and harm a person's peace of mind." Boyle v. Wenk, 392 N.E. 2d 1053, 1055 (Mass. 1979).

The defendant's actions in pursuit of its properly awarded judgment do not begin to approach the kind of conduct that could meet this standard.

### III.  Conclusion

For the foregoing reasons, the defendant's Motion (dkt. no. 51) for Partial Summary Judgment is GRANTED. The defendant is entitled to judgment in its favor on the plaintiffs' claims set forth in Count V of the complaint, as previously construed.

Because the defendant has asserted a counterclaim, entry of final judgment will be deferred until the resolution of the counterclaim.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge